Dear Mr. Frost:
As legal counsel for the Louisiana Patient's Compensation Fund Oversight Board (hereinafter referred to as the "Board"), your firm has requested an opinion from our office regarding the procedure to apply when the Board is improperly served pursuant to LSA-R.S. 40:1299.39.1(A)(2)(a) and/or 40:1299.47(A)(2)(a).
As you state, prior to the passage of Act 664 (1997), claims against health care providers covered by the Private Medical Malpractice Act, LSA-R.S. 40:1299.401 et seq., were served on the Board. Act 664 amended and reenacted LSA-R.S.40:1299.39.1(A)(2)(a) and 40:1299.47(A)(2)(a), respectively, to state as follows:
 The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the state medical review panel, in the case of the state or persons covered by this Part, or, in the case of a health care provider against whom a claim has been filed under the provisions of this Part who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the commissioner that after requesting evidence of such qualifications under this Part and waiting the passage of at least ninety days, the commissioner has not received a certificate or other evidence sufficient to establish that the person is covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint or solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are subject of the request for review. Filing a request for review of a malpractice claim required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. (Emphasis added)
* * *
 The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medial review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligers, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. (Emphasis added)
Act 664 redesignated the division of administration as the proper party for service.
Since the effective date of Act 664, the Board has been improperly served on several occasions. In these instances, the Board has simply logged in those claims and returned them to the claimant. You ask whether this procedure is proper.
This office sees nothing improper in the procedures described. The Board is simply acting in good faith as an improperly served party by notifying the claimant of the situation. The improper service does not suspend or interrupt the running of prescription in those claims. However, this is the claimant's concern, not the Board's.
In short, it is the opinion of this office that the Board's procedures in returning the improperly served claims to the claimant does not violate pertinent law.
I trust this addresses your concerns. Please contact this office if you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received: Date Released: